Craig **KNUCKEY,** Plaintiff–Appellee,

v.

**PUBLIC EMPLOYEES' RETIREMENT ASSOCIATION,** Defendant– Appellant.

**No. 91CA0053.**

Colorado Court of Appeals, Div. III.

July 2, 1992.

Rehearing Denied Oct. 8, 1992.

Certiorari Denied April 26, 1993.

Sander N. Karp, Denver, for plaintiff-appellee.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Paul H. Chan, Eric R. Decator, Asst. Attys. Gen., Denver, for defendant-appellant.

Opinion by Judge MARQUEZ.

Defendant, Public Employees' Retirement Association (PERA), appeals the summary judgment entered in favor of plaintiff, Craig Knuckey. We reverse and remand with directions.

Plaintiff began employment with the Colorado State Patrol on October 14, 1973, as a road trooper. He was continuously employed by the State Patrol in that capacity through January 8, 1988, when he underwent lumbar spine surgery. Throughout this time plaintiff made contributions, as required by statute, to PERA. Plaintiff was paid sick leave from January 8, 1988, through June 13, 1988.

On May 19, 1988, plaintiff filed an application for disability retirement benefits. PERA informed plaintiff that his application would be presented to the PERA board on August 19, 1988, with a recommendation that it be approved for an effective date of September 1, 1988.

However, upon request of his supervisors, plaintiff began work as a dispatcher on June 13, 1988, and worked in this capacity until January 1989. On August 16, 1988, plaintiff informed PERA that he wished to suspend his application for disability benefits and that he intended to reapply later that year. PERA cancelled the application on August 16, 1988.

Plaintiff re-applied for benefits on October 28, 1988. The application was approved on January 20, 1989, with an effective date of March 1, 1989, on which date plaintiff retired and began receiving disability retirement benefits. In April 1989, plaintiff began employment as a sales representative for a car dealership.

On April 20, 1988, the General Assembly amended § 24-51-707, C.R.S. (1988 Repl. Vol. 10B) to allow a reduction in disability retirement benefits by one-third of the amount of income in excess of $3,000 earned per calendar year from the date of disability retirement or January 1, 1989, whichever is later. The effective date of the amendment was July 1, 1988. PERA applied this statute to reduce plaintiff's disability benefits.

On December 12, 1989, plaintiff commenced this action against PERA alleging that the amendment to the statute violated the United States and Colorado Constitutions because it altered and reduced a vested benefit to which plaintiff was legitimately entitled. In ruling on plaintiff's cross-motion for summary judgment, the trial court determined that plaintiff's rights in his disability retirement pension were fully vested on the date of his surgery, January 8, 1988. The trial court ruled that application of § 24–51–707(2) to plaintiff retroactively effected a substantive change to plaintiff's vested rights in his disability retirement and enjoined PERA from applying the statute to plaintiff.

■ PERA contends that the trial court erred in determining that plaintiff's right to the disability benefit vested at the time he was disabled, rather than at the time he had fulfilled all of the statutory conditions for the benefit. Thus, according to PERA, because plaintiff's right to the benefit actually accrued after § 24–51–707(2) took effect, there was no retroactive legislation or interference with a vested contract right. We conclude that plaintiff's right to the disability fully vested at the time he fulfilled the statutory conditions.

■ Rights which accrue under a pension plan are contractual obligations protected under Colo. Const. art. II, § 11, and U.S. Const. art. 1, § 10. *Colorado Springs Fire Fighters Ass'n v. Colorado Springs,* 784 P.2d 766 (Colo.1989). Retirement pay becomes a vested right when an employee has complied with the conditions imposed entitling him to the receipt of retirement benefits. *Police Pension & Relief Board v. Bills,* 148 Colo. 383, 366 P.2d 581 (1961).

■ However, there can be a limited vesting of pension rights prior to actual retirement and also even prior to eligibility to retire. *Police Pension & Relief Board v. Bills, supra.* Until benefits fully vest, a pension plan can be changed; but any adverse change must be balanced by a corresponding change of a beneficial nature, a change that is actuarially necessary, or a change that strengthens or improves the

pension plan. *Peterson v. Fire & Police Pension Ass'n,* 759 P.2d 720 (Colo.1988).

Section 24–51–701(1), C.R.S. (1988 Repl. Vol. 10B) provides that a member becomes eligible to apply for disability retirement benefits if the following requirements are met:

(a) Application is made within ninety days after the date of termination of employment;

(b) The member contribution account has not been refunded;

(c) The member has at least five years of earned service credit, of which at least six months have been earned during the most recent period of membership;

(d) The member is not eligible for service retirement pursuant to the provisions of section 24–51–602.

(2) State troopers shall be eligible to apply for disability retirement benefits immediately upon becoming state troopers if the disability upon which disability retirement is granted resulted from injuries sustained during the performance of duties as a state trooper.

Section 24–51–703(1), C.R.S. (1988 Repl.Vol. 10B) further provides that:

Any member who is eligible to apply for disability retirement pursuant to the provisions of section 24–51–701 and who is found by the board to be permanently disabled as of the date of termination of employment shall be entitled to disability retirement benefits.

■ When construing a statute, the intent of the General Assembly is to be ascertained and given effect wherever possible. In doing so statutes must be construed as a whole. *Walgreen Co. v. Charnes,* 819 P.2d 1039 (Colo.1991). We construe § 24–51–703(1) to mean that entitlement to disability retirement benefits requires (1) eligibility and (2) a finding by the board that the member is permanently disabled as of the date of termination of employment.

Here, plaintiff submitted his second application for disability retirement benefits on October 28, 1988, almost four months after the enactment of § 24–51–707(2) which reduced those benefits proportionate

to post-retirement earnings. In addition, plaintiff admitted in his deposition that he "was getting road trooper wages up through the time of retirement." Plaintiff's date of retirement was March 1, 1989. The board, thus, properly approved plaintiff's application with an effective date of March 1, 1989. Therefore, at the time the statute was enacted, plaintiff had only a limited vesting of pension rights.

However, there was not direct evidence submitted to show that the statutory change was of a beneficial nature, that it was made to strengthen or better the plan, or that the change was actuarially necessary. Remand is therefore necessary for a determination of these issues.

The judgment is reversed, and the cause is remanded with directions to enter judgment in favor of PERA on the issue of the effective date of plaintiff's entitlement to disability benefits and for further proceedings concerning whether the changes meet the requirements set forth in *Peterson v. Fire & Police Pension Ass'n, supra.*

METZGER and REED, JJ., concur.