Questions Presented and Answers Question: What, if any, limitations exist upon the Legislature's ability to reduce the capacity of current employees to earn additional retirement benefits to assure the long term actuarial soundness of the plan?
Answer: The rate and amount of retirement benefits may qualify as a partially vested pension right protected by the contract clause of the constitution. An adverse change to a partially vested pension right is lawful only if it is balanced by a corresponding change of a beneficial nature, a change that is actuarially necessary, or a change that strengthens or improves the pension plan. Once a PERA member fulfills all the statutory requirements for a pension benefit, retires and begins receiving a pension, the member's fully vested pension right cannot be reduced by the General Assembly.
Question: What, if any, limitations exist upon the Legislature's ability to increase the percentage of their wages current employees contribute to PERA in order to assure the long-term actuarial soundness of the plan?
Answer: The percentage of wages that employees contribute to PERA may qualify as a contractual right protected by the constitution, but that legal conclusion is not certain. Employees have some reasonable expectation that contribution rates to PERA may increase because of historical increases and the PERA statute that reserves the right of the General Assembly to change the rate of employer and member contributions. If the rate of employee contributions is in fact a protected contractual right, any increase by the General Assembly would be an adverse change to a partially vested pension right, and would be lawful only if the change is balanced by a corresponding change of a beneficial nature, is actuarially necessary, or strengthens or improves the pension plan.
 Discussion
Background
PERA is the administrator of a defined benefit pension plan that provides retirement benefits for State employees and certain municipal, city, county, and school district employees. Section 24-51-201, C.R.S. (2004). Membership in PERA is a condition of employment. Section 24-51-301, C.R.S. (2004).
PERA's Board of Trustees is the fiduciary of the plan. The Board is required to carry out its functions solely in the interest of the members and benefit recipients and for the exclusive purpose of providing benefits and defraying reasonable expenses incurred in performing such duties as required by law. Section 24-51-207, C.R.S. (2004). Colorado's Treasurer is a statutorily appointed member of the PERA Board. Section24-51-203, C.R.S. (2004).
Vested Nature of Pension Benefits
Rights that accrue under a pension plan can be contractual obligations protected under Colo. Const. Art. II, § 11 and the U.S. Const. Art. 1, § 10. Knuckey v. Public Employees' Retirement Association,851 P.2d 178,180
(Colo.App. 1992); Colorado Springs Fire Fighters Association v. City ofColorado Springs, 784 P.2d 766, 770 (Colo. 1989). Vested contractual rights are constitutionally protected from statutory impairment. Kilbournv. Fire and Police Pension Association, 971 P.2d 284, 287 (Colo.App. 1998).
PERA retirement benefits become a vested right when an employee has complied with the statutory conditions entitling the employee to the receipt of retirement benefits. See Knuckey v. Public Employees'Retirement Association, 851 P.2d 178, 180 (Colo.App. 1992) (citing PolicePension Relief Board of City and County of Denver v. Bills,148 Colo. 383, 366 P.2d 581 (1961)).
Some vested pension rights cannot be eliminated. When a PERA member retires from active service and begins receiving a pension, the member's pension becomes a vested contractual obligation of the pension program that is not subject to unilateral change of any type by the General Assembly. Police Pension Relief Board of City and County of Denver v.Bills, 148 Colo. 383, 366 P.2d 581, 584 (1961) (citing Police Pension Relief Board of the City and County of Denver v. McPhail, 139 Colo. 330,338 P.2d 694, 700 (1959)). When an employee retires and begins receiving a pension, trustees may not adopt an amendment that reduces an employee's vested pension under the plan. Walker v. Board of Trustees of RegionalTransportation District Pension Plan, 69 Fed. Appx. 953, 2003 WL 21690534 (10th Cir. Colo.) (impairment of vested pension rights is arbitrary and capricious, a breach of contract, and a breach of its fiduciary duties) (citing Police Pension Relief Board of City andCounty of Denver v. Bills), 148 Colo. 383, 366 P.2d 581 (1961) (unpublished opinion).
In appropriate circumstances, pension rights can vest to a limited degree prior to actual retirement, and also prior to eligibility to retire. Knuckey v. Public Employees' Retirement Association, 851 P.2d 178,180 (Colo.App. 1992). No bright line test exists to determine what constitutes a partially vested right or when that right accrues. Kilbournv. Fire and Police Pension Association, 971 P.2d 284, 287 (Colo.App. 1998). The legal conclusion that a pension right has vested partially rests upon a case by case consideration of the facts and circumstances.
The establishment and modification of an employee benefit is traditionally within the scope of legislative discretion. ColoradoSprings Fire Fighters Association v. City of Colorado Springs, 784 P.2d 766,773 (Colo. 1989). Although statutes are not presumed to create private contractual rights, they may constitute a contract, protected by the Contract Clause of the constitution, if the statutory language and the surrounding circumstances manifest a legislative intent to create an enforceable contractual right. Kilbourn v. Fire and Police PensionAssociation, 971 P.2d 284, 287. The courts consider whether the existence of a contractual right is supported by the reasonable expectations of the affected person, or if the lack of a contractual right surprises persons who have long relied on a contrary state of the law. Id. at 287.
Colorado's courts have not addressed whether public employees enrolled in PERA's program have a reasonable expectation of a contractual right to accrue a certain level and amount of future pension benefits. But Colorado courts have decided that certain pension benefits are not vested contractual rights. Kilbourn v. Fire and Police Pension Association,971 P.2d 284, 287 (Colo.App. 1998) (no vested contractual right to an occupational disability pension where there was a reasonable expectation that benefits would cease upon returning to police employment); McInerneyv. Public Employees' Retirement Association, 976 P.2d 348, 352
(Colo.App. 1998) (no equal protection claim or unconstitutional impairment of an existing contract right for legislative change offsetting benefits by optional retirement plan benefits); Colorado Springs Fire Fighters Association .v City of Colorado Springs, 784 P. P.2d 766, 774 (Colo. 1989) (no contractual obligation was intended by offering retiree health coverage to a limited class of employees).
Even if certain pension benefits are contractual rights protected by the Colorado Constitution, and even if such pension rights are partially vested pension rights, the Colorado courts have consistently allowed changes under certain conditions. The test is that any adverse change must be balanced by a corresponding change of a beneficial nature, a change that is actuarially necessary, or a change that strengthens or improves the pension plan. McInerney v. Public Employees' RetirementAssociation, 976 P.2d 348, 352 (Colo.App. 1998); Knuckey v. PublicEmployees' Retirement Association, 851 P.2d 178, 180 (Colo.App. 1992);Peterson v. Fire and Police Pension Association, 759 P.2d 720, 725
(Colo. 1988). Should a change to a partially vested pension right fail to satisfy at least one of these three criteria, it unconstitutionally impairs existing contract rights and is ineffective. McInerney v. PublicEmployees' Retirement Association, 976 P.2d 348, 352 (Colo.App. 1998).
In Peterson v. Fire and Police Pension Association, 759 P.2d 720
(Colo. 1988), the Colorado Supreme court found that a police officer had achieved a limited vesting of survivor pension benefits prior to his death. The Court held that those pension benefits could be changed, but that any adverse change must be balanced by a change of a beneficial nature, a change that is actuarially necessary, or a change that strengthens or improves the pension plan. The Court concluded that, although survivor pension benefits were reduced under the statewide fire and police pension plan, the goal of ensuring that the statewide pension system is actuarially sound justifies any corresponding detriments to the group. Id. at 726.
In Peterson, the record reflected that Denver's pay-as-you-go police pension plan was actuarially unsound and therefore reductions to partially vested pension benefits were justified. A pension fund is said to be actuarially sound if there are no unfunded accrued liabilities and the current cost of pension benefits attributable to active members is being paid on an annual basis. Peterson v. Fire and Police Pension Association,759 P.2d 720, 726 (citing City of Colorado Springs v. State, 626 P.2d 1122
(Colo. 1981)). The Peterson case also reviewed the definition of "actuarially sound" in the statutes governing the Denver pension fund and found under either definition, the Denver pension fund was not actuarially sound, therefore, reductions to partially vested pension benefits were actuarially necessary and proper.
Applying the same test to different facts, another court found that an increase in the years of service for retirement eligibility was an adverse change to a partially vested pension benefit that was not offset by a corresponding beneficial change in a rank escalator clause that increased the rank and salary used to compute pension benefits. City ofAurora v. Ackman, 738 P.2d 796, 802 (Colo.App. 1987).
Employee Contributions
Eligible state employees and employers make periodic contributions to PERA as a term and condition of employment. McInerney v. PublicEmployees' Retirement Association, 976 P.2d 348, 350 (Colo.App. 1998). By making these contributions, employees obtain a limited vesting of pension rights that ripen into fully vested pension rights upon attainment of statutory eligibility requirements. Colorado Springs Fire FightersAssociation v. City of Colorado Springs, 784 P.2d 766, 771 (Colo. 1989).
The employee contribution rate to PERA has been changed several times over the years. Employee contributions to PERA began in 1931 at the rate of 3.5% and were increased several times to the current 8% rate in 1982. Employee contribution rates were 3.5% from 1931 to 1949, 5% from 1949 to 1958, 6% from 1958 to 1969, 7% from 1969 to 1973, and 7.75% from 1973 to 1982. Colorado PERA, Comprehensive Annual Financial Report for the Fiscal Year Ended December 31, 2003, page 84. Historical increases in employee contribution rates to PERA have been accompanied by corresponding improvements to PERA pension benefits. The General Assembly has expressly reserved the right to change the rate of employer and member contributions to PERA if indicated by actuarial experience. Section24-51-211, C.R.S. (2004). Thus, employees contributing to PERA have some reasonable expectation that contribution rates to PERA may increase, because of historical increases and an express statute reserving the right to change employer and member contributions to PERA if indicated by actuarial experience. A legal conclusion whether the rate of employee contributions to PERA is or is not a protected contractual right would rest upon the specific facts of each proposed change.
Even if the rate of employee contributions to PERA is a protected contractual right, the General Assembly could increase the rate of employee contributions if the increase is balanced by a corresponding change of a beneficial nature, is a change that is actuarially necessary, or is a change that strengthens or improves the pension plan.
 Conclusion
A reduction in future PERA benefit accruals may qualify as an adverse change to a partially vested protected contractual right. Adverse changes by the General Assembly to partially vested pension benefits are permissible provided that they are balanced by a corresponding change of a beneficial nature, a change that is actuarially necessary, or a change that strengthens or improves the pension plan.
Once a PERA member fulfills all the statutory requirements for a pension benefit and retires, the member's fully vested pension right cannot be reduced by the General Assembly.
The rate of employee contribution to PERA may qualify as a contractual right protected by the Constitution, but that legal conclusion is not certain. Employees have a reasonable expectation that contribution rates to PERA may increase from time to time, based upon historical increases and a statute reserving the ability of the General Assembly to change contributions. Nevertheless, if the rate of employee contributions is in fact a protected contractual right, any increase in the rate would be an adverse change that is permitted if the change is balanced by a corresponding change of a beneficial nature, a change that is actuarially necessary, or a change that strengthens or improves the pension plan.
Issued this 18th day of November, 2004.

 ______________________________
 KEN SALAZAR
 Colorado Attorney General
 ALAN J. GILBERT
 Solicitor General
 HEIDI J. DINEEN
 Assistant Attorney General